# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET,
## MARCH TERM 1827, AT BOSTON.

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## AUGUSTUS PEABODY *versus* JOHN PETERS *et al.*

In an action against the promisor by the holder of a promissory note indorsed after it was dishonored, the defendant cannot file in set-off a demand against the payee. *Semble.* But whether he may not give in evidence, under the general issue, the same facts which would constitute a defence in another form if the payee were the plaintiff, *quære.*

In such action the defendant proved, that there being an unsettled account between himself and the payee, the payee agreed to take up the note from a creditor, to whom he had indorsed it, and upon a settlement of the account, to deliver it to the defendant; that the payee did take it up for that purpose, and that there was a balance due from him to the defendant exceeding the amount of the note. *Held,* that this agreement operated as a payment of the note.

ASSUMPSIT on a promissory note made by the defendants, May 27, 1822, for 2520 dollars, payable to Samuel Upton or order in three months and grace.

It was proved at the trial, that before the note became due, both Upton and the defendants having stopped payment, Upton indorsed and delivered it to one Haven as collateral security for a debt, with an agreement that Haven

Peaoody
v.
Peters.

should not attempt to collect the note, but should hold it till Upton could otherwise pay his debt to him. Under this agreement Haven held the note till May 13, 1824, when Upton settled with him and took up the note. While Haven held it, Upton told him that he had an unsettled account with the defendants, and that when he should settle with them he was to deliver the note up to them, and that he had agreed with them to take it up for that purpose. After Upton had received it back from Haven, he delivered it to another of his creditors, from whom it came to the plaintiff. The defendants filed in set-off an account of their demands against Upton, and proved that he owed them a debt, for which they held his promissory notes, far exceeding the amount of the note declared on.

If the Court should be of opinion that the account filed in set-off could avail the defendants, or that the agreement made between them and Upton operated as a payment of the note, so soon as it was taken by Upton from the hands of Haven, judgment was to be entered on the verdict for the defendants; otherwise the defendants were to be defaulted, or a new trial was to be granted, as the Court might direct.

*March* 29*th.*   *Peabody*, *pro se*, cited *Holland* v. *Makepeace*, 8 Mass. R. 422; *Clark* v. *Leach*, 10 Mass. R. 51. [Rand's ed. 52, n. (a)].

*Hubbard* and *Bliss*, for the defendants, cited on the point that the same defence might be made as if the action were brought by the payee, 3 T. R. 80; 5 Johns. R. 118; 7 Johns. R. 70; 9 Johns. R. 244; 13 Mass. R. 137; 15 Mass. R. 534; — and on the point of payment, 1 Campb. 19; 3 Pick. 452; 1 Stark. R. 1.

*April* 2*d.*   PARKER C. J. delivered the opinion of the Court. The note sued in this action was indorsed to the plaintiff two years after it became due; so that he is exposed to any defence which may be legally set up against Upton the payee. This is not questioned; but it is contended, that as the only mode by which the defence could be applied to Upton would be filing an account in set-off, and as that remedy exists only *inter partes* to the contract, the defendant must be denied

the remedy which he would have had against Upton. We cannot readily admit, that where a principle of law regulating contracts is undeniable, from the feebleness of the law there is no means of applying the principle. That wherever there is a right there should exist a remedy, is not an unmeaning form of words, but is a solid maxim of jurisprudence ; and will authorize a court to seek for a remedy, if not in the ordinary forms, still in others which will admit and enforce the principle without violating the symmetry of the law.

If it be true, that Upton the payee could not recover this note against the defence made out by the facts proved in this case ; and if it be true, that an indorsee with notice, or who stands charged with notice by reason of his taking a dishonored note, is liable to the same defence which might be made against Upton ; it follows syllogistically, that the plaintiff cannot recover. Now it would be no honor to the law, as a system of reason, that what is logically true, should be legally false ; and we think the law will not bear this reproach. Admit that in the form of an account filed the defendants cannot avail themselves of their demand against Upton, and there are certainly strong reasons as well as authority in the case of *Holland* v. *Makepeace* against this mode of relief, there is no reason why the same proof which would avail the defendants in that form, should not avail them in defence against the action. The law says they shall have the same defence against this plaintiff, as they would have against Upton. But they cannot file their account against any but Upton. They cannot have a cross action and set off their judgment or execution. What then shall they do to obtain the benefit the law secures them ? I think it will necessarily follow, that they must of necessity give the same facts in evidence under the general issue, as would constitute their defence in another form if Upton were the plaintiff. If not, then the law is defective, and they must pay the amount of the demand to a plaintiff, who has no just right to recover it, and they must seek their remedy against the debtor, who may be utterly insolvent. But there is no need of resorting to this doctrine in the present case, and we therefore reserve

<div style="margin-left:2em">
Peabody
v.
Peters
</div>

any conclusive opinion until some case shall directly present this question.[1]

We think there is a good defence on the other ground re-lied upon by the defendants' counsel, viz. that there is suf-ficient evidence of payment of the note sued. When it was put into the hands of Haven, Upton wished it might not be made use of, stating that there was an unsettled account be-tween him and the promisors, and that this note was to be taken into the settlement. Afterwards he said he had agreed with the promisors to take up this note for the purpose of settling with them, and he did take it up from Haven. It

---

[1] *Sargent* v. *Southgate, post,* 312, was an action by the indorsee against the maker of a negotiable note indorsed when overdue. In that action the defendant was allowed to file in set-off a negotiable note made to him by the payee before he had notice that the note in suit was assigned. See also *Shirley* v. *Todd,* 9 Greenl. 83.

In a later case it was decided that such claims must be regularly filed in set-off, in order to render them available as a defence in this form. *Bray-nard* v. *Fisher,* 6 Pick. 355. See also *Burditt* v. *Grew,* 9 Pick. 265; *Sargent* v. *Southgate, post,* 312.

A provision is introduced into the last Revised Statutes of New York, for the allowance of a set-off in the case stated in the text. But before this provision the law had been otherwise settled in that State. See *Johnson* v. *Bridge,* 6 Cowen, 693; *Wheeler* v. *Raymond,* 9 Cowen, 295; *Bridge* v. *John-son,* 5 Wendell, 346; *Huxton* v. *Bishop,* 3 Wendell, 13; *Driggs* v. *Rockwell,* 11 Wendell, 504.

This subject has lately been discussed in New Hampshire, and the right of set-off denied in a case similar to that in the text. *Chandler* v. *Drew,* 6 N. Hamp. R. 469. So in Connecticut. *Stedman* v. *Gillson,* 10 Connect. R. 55; *Robinson* v. *Lyman,* id. 30. In *Chandler* v. *Drew,* the suggestion made in the text, that the defendant might give in evidence, under the general issue, the same facts which would constitute a defence in another form, if the payee were the plaintiff, was held to present the true view of the subject, if the defendant could avail himself at all of the facts in such an action See *Woods* v. *Carlisle,* 6 N. Hamp. R. 27, 28.

In Illinois it is held, that only such debts can be set off as are mutual and between the parties to the record. *Gregg* v. *James,* 1 Breese, 107.

Under the late provision respecting set-off in New York, it has been de-cided, that where a note overdue is transferred, the maker is not entitled to set off a demand against the payee, if at the time of the transfer the payee has other demands against the maker to an amount sufficient to exhaust the demands sought to be set off. *Collins* v. *Allen,* 12 Wendell, 356. See under this head of set-off, Bayley on Bills, (Phil. and Sewall's 2d ed.) 546, 547, in the notes; *Burrough* v. *Moss,* 10 Barn. & Cressw. 558.

appears that the promisors held a large amount of notes of Upton, many accommodation notes having passed between them. Now if he made such an agreement, he certainly could not, in violation of it, recover in an action upon the note. If sued, they, by proving an agreement and showing their demands against him, would make out a defence. They have done this in the present suit, and have thereby made a good defence against the action. And the same evidence would entitle Upton to deduct the amount of this note from their demand against him, if he should be sued. If in violation of this agreement they should have transferred his notes before they were due, so that he would be liable to an indorsee, he also might rescind the agreement and sue them upon his note.

*Judgment according to verdict.*